United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HICA EDUCATION LOAN CORPORATION,<br>Plaintiff,<br>v.<br>JAMES B. WARNE,<br>Defendant. | Case No.: 11-CV-04287-LHK<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT |

Before the Court is Plaintiff HICA Education Loan Corporation's motion for default judgment against Defendant James B. Warne ("Defendant" or "Warne"). *See* ECF Nos. 9, 17. Defendant has not appeared in this action and has not opposed Plaintiff's motion. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument. For the reasons discussed below, Plaintiff's motion for default judgment is GRANTED.

## I. BACKGROUND

Defendant entered into a promissory note for an educational loan dated September 28, 1994 in the amount of $116,639.19,[1] pursuant to the United States Health Education Assistance Loan ("HEAL") Program. *See* Compl. ¶ 6; Compl. Ex. 1 at 1("Promissory Note," or "Note"); *see also*

[1] In the Complaint, Plaintiff alleges that the amount of the loan was originally $117,091.41. Plaintiffs have provided documentation that $117,091.41 was the amount actually financed as of October 13, 1994. However, $116,639.19 is the amount identified on the promissory note that Defendant signed on September 28, 1994.

United States District Court
For the Northern District of California

42 U.S.C. §§ 292 et seq.; 42 C.F.R. § 60.1. Defendant "failed to make all of the payments that are due and owing under the terms of the Note, and, therefore . . . is in default under the terms of the Note." Compl. ¶ 10. Plaintiff asserts that it is the "owner and/or holder" of the Note, and Defendant accordingly owes to Plaintiff the unpaid principal, accrued interest, and late charges. Compl. ¶¶ 7, 12; Compl. Ex. 1 at 4-5.

As a result of Defendant's failure to pay, on August 30, 2011, Plaintiff filed a complaint asserting that Defendant executed a promissory note for student loans and defaulted on those loans. ECF No. 1. Defendant was served with the complaint on September 19, 2011, but failed to file an answer or otherwise respond. *See* ECF No. 5 at 1 ("Proof of Service of Summons"). On October 26, 2011, the Clerk of the Court entered default against Warne. ECF No. 7. Plaintiff filed a motion for default judgment on December 1, 2011. Mot. for Default J. ("MDJ"), ECF No. 9. Concurrently, Plaintiff filed the declaration of Robin Zimmermann, senior litigation analyst of Sallie Mae, Inc.,[2] indicating that as of October 26, 2011 (the date that the declaration was signed) Defendant owed Plaintiff under the terms of the Note:

- $90,955.01 in unpaid principal;
- $19,142.32 in accrued, unpaid interest;
- $152.99 in unpaid late charges.

Zimmermann Decl. ¶ 2, ECF No. 9 at 5-6. Additionally, interest on the outstanding balance has continued to accrue since October 26, 2011 "at the variable rate set forth in the Note, which, when calculated, is at the rate of $7.78 per day." *Id.* Plaintiff seeks all unpaid principal, all accrued, unpaid prejudgment interest, and all unpaid late charges that are due and owing on the Note, together with any post-judgment interest that will continue to accrue at a per diem rate. MDJ at 2. On December 8, 2011, the case was reassigned to the undersigned judge. ECF No. 11.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 55(b)(2), a party may apply to the court for entry of judgment by default. "The district court's decision whether to enter a default judgment is a

[2] Sallie Mae serves as the servicing agent for Plaintiff. MDJ, Ex. 2 ("Zimmermann Decl."), ECF No. 9 at 5.

discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Once the Clerk of Court enters default, all well-pleaded allegations regarding liability are taken as true, except with respect to damages. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). In exercising its discretion to enter default judgment, the Court may consider the following *Eitel* factors: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

## III. DISCUSSION

### A. Whether Default Judgment is Proper

#### 1. First *Eitel* Factor: Possibility of Prejudice

Under the first *Eitel* factor, the Court considers the possibility of prejudice to a plaintiff if default judgment is not entered against a defendant who does not participate in litigation. Denying judgment would deny Plaintiff a remedy until such time as Defendant chooses to participate. *See, e.g., Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010) ("[W]here a defendant's failure to appear makes a decision on the merits impracticable, if not impossible, entry of default judgment is warranted.") (internal quotations omitted). Thus, the first factor weighs in favor of granting of default judgment.

#### 2. Second and Third *Eitel* Factors: Merits of Plaintiff's Substantive Claims and the Sufficiency of the Complaint

The second and third *Eitel* factors address the merits and sufficiency of Plaintiff's claims pled in the complaint. In its analysis of the second and third *Eitel* factors, the Court will accept as true all well-pleaded allegations regarding liability. *See Fair Hous. of Marin*, 285 F.3d at 906. The Court will therefore consider the merits of Plaintiffs' claims, the sufficiency of its pleadings, and the possibility of a dispute concerning the material facts, together. "In a suit on a promissory note, the initial burden is on plaintiff to establish, through verified pleadings and exhibits in evidence, the existence of the note, defendant's default and the amount due." *United States v. Potts*, No. 04-

CV-0449, 2006 WL 1009014, at *2 (N.D. Cal. Apr. 18, 2006) (White, J.) (citing *United States v. Irby*, 517 F.2d 1042, 1043 (5th Cir. 1975)).

In the present action, Plaintiff has adequately set forth allegations and exhibits showing that Defendant entered into a promissory note for an educational loan dated September 28, 1994 in the amount of $116,639.19. MDJ, Ex. 1 at 1-2. Plaintiff alleges that Defendant "failed to make all of the payments that are due and owing under the terms of the Note, and, therefore . . . is in default under the terms of the Note." Compl. ¶ 10. Plaintiff also submitted a declaration attesting to the amount that remains outstanding on the Note. Zimmermann Decl. ¶ 2, ECF No. 9. Thus, Plaintiff has met its burden of establishing, through pleadings and exhibits, the existence of a note, defendant's default, and the amount due. *See Potts*, 2006 WL 100914, at *2.

In light of Plaintiff's complaint and exhibits, the Court therefore finds that Plaintiff's claim has substantive merit and that the complaint is sufficiently well-pled such that these factors weigh in favor of the entry of default judgment. *See, e.g.*, *United States v. Lyon*, No. 10-CV-02549, 2011 WL 2226308, at *2 (E.D. Cal. June 7, 2011) (Brennan, Magistrate J.) ("The complaint and its attached exhibits," which allege that the plaintiff executed on a promissory note and then defaulted on the loan, support entry of default judgment under the second and third *Eitel* factors), *findings and recommendation adopted*, No. 10-CV-2549, 2011 WL 2909936, at *1 (E.D. Cal. July 14, 2011)); *United States v. Ordonez*, No. 10-CV-01921, 2011 WL 1807112, at *2 (E.D. Cal. May 11, 2011) (Oberto, Magistrate J.) (finding that the plaintiff's claims for breach of a promissory note had substantive merit and that the complaint was sufficiently well-pled).

**3. Fourth *Eitel* Factor: The Sum of Money at Stake**

The fourth *Eitel* factor, the sum of money at stake, also weighs in favor of default judgment. Under the fourth factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002); *see also Eitel*, 782 F.2d at 1471-72. "The Court considers Plaintiff's declarations, calculations, and other documentation of damages in determining if the amount at stake is reasonable." *Truong Giang Corp. v. Twinstar Tea Corp.*, No. 06-CV-03594, 2007 WL 1545173, at *12 (N.D. Cal. May 29, 2007). Default judgment is disfavored when a large

amount of money is involved or unreasonable in light of the potential loss caused by the defendant's actions. *See id.*

In this case, Plaintiff seeks $110,250.32, plus any interest that continues to accrue at a rate of $7.78 per day after October 26, 2011. While the amount Plaintiff seeks is significant, the amount requested is supported by the terms of the Note, which indicates that Defendant applied for $116,639.19, MDJ, Ex. 1 at 1, and ultimately financed $117,091.41, MDJ, Ex. 1 at 3. Furthermore, the terms of the Note require Defendant to "pay to the Student Loan Marketing Association, or a subsequent holder of this Promissory Note ("Lender"), all sums disbursed (hereinafter "loan") under the terms of this Note . . . plus interest and other fees which may become due as provided under this Note." MDJ, Ex. 1 at 1. Moreover, the terms of the Note also permit the note holder to seek repayment of the entire amount due in the event that the borrower defaults on the loan: "In the event of my default on this loan, the entire unpaid loan including interest due and accrued shall, at the option of the holder of this Note, become immediately due and payable." MDJ, Ex. 1 at 2. The Court therefore finds that the amount of money at stake is reasonable under the circumstances, so the fourth *Eitel* factor weighs in favor of a default judgment.

**4. Fifth, Sixth, and Seventh *Eitel* Factors**

The remaining *Eitel* factors weigh in favor of default judgment. Given the supporting documentation submitted by Plaintiffs, and the relatively straightforward nature of Plaintiffs' claims, it appears unlikely that a dispute of material fact would arise in this case. Moreover, there is no evidence that Defendant's failure to participate in the litigation is due to excusable neglect. Defendant was personally served with the Summons and Complaint on September 20, 2011. Defendant thus had notice and opportunity to appear in this litigation before Plaintiffs moved for default judgment.

While the policy favoring decision on the merits generally weighs strongly against awarding default judgment, district courts have regularly held that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. *See, e.g.*, *Naturemarket, Inc.*, 694 F. Supp. 2d at 1061; *Lyon*, 2011 WL 2226308, at *3 (citing *Cal. Sec. Cans*, 238 F.Supp.2d at 1177). In the aggregate, the seventh *Eitel* factor is outweighed by the other

six factors that weigh in favor of default judgment. *See Ordonez*, 2011 WL 1807112, at *3. The Court therefore finds that default judgment is appropriate in this case.

**B. Amount of Judgment**

A plaintiff seeking default judgment "must also prove all damages sought in the complaint." *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1046 (N.D. Cal. 2010) (citing *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003)). Entry of a default judgment for money is appropriate without a hearing if "the amount claimed is a liquidated sum or capable of mathematical calculation." *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir.1981) (no hearing is necessary when documents show that the judgment amount is based upon a definite figure); *see also* Fed. R. Civ. P. 55(b)(2) (the district court has the discretion to conduct or refuse a hearing on default judgment).

Plaintiff has established through exhibits that on September 6, 1994, Defendant signed a promissory note for an educational loan in the amount of $116,639.19. Note, Ex. 1 at 1-2. Plaintiff has also established, by way of Robin Zimmermann's declaration in support of the motion for default judgment, that as of October 26, 2011, Defendant owed to Plaintiff: $90,955.01 in unpaid principal; unpaid interest accrued through October 26, 2011, in the amount of $19,142.32; late charges in the amount of $152.99, and; interest accrued after October 26, 2011, including post-judgment interest, at a calculated rate of $7.78 per day. MDJ, Ex. 2 at 2; *see also Ordonez*, 2011 WL 1807112, at *3 (awarding post-judgment interest on student loan). This totals $110,250.32, plus any interest that continues to accrue at a rate of $7.78 per day after October 26, 2011 until the outstanding amount is paid.

Plaintiff has therefore established, independently of the complaint, the amount of damages owed as a result of the default judgment.

**IV. ORDER**

For the reasons detailed above, Plaintiff's motion for default judgment is GRANTED. Judgment shall be entered in favor of Plaintiff HICA Education Loan Corp. and against Defendant James B. Warne, in the amount of $110,250.32 in total damages. The Clerk shall close the file.

**United States District Court**
For the Northern District of California

**IT IS SO ORDERED.**

Dated: April 6, 2011

LUCY H. KOH
United States District Judge